**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CV-10-0767-HE |
| | ) |
| VIRGINIA DOBBS CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is plaintiff's motion for default judgment [Doc. #14] against defendant Virginia Dobbs Co. d/b/a Seleno Bar.[1] The complaint alleges defendant's unauthorized interception and showing, at the Seleno Bar, of the Miguel Cotto v. Antonio Margarito Fight Program on July 26, 2008, in violation of 47 U.S.C. §§ 553 and 605.[2] Plaintiff alleges that defendant, as "owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight, and management" of the Seleno Bar, had supervisory control over the establishment at the time of the alleged unauthorized showing and is liable for violation of 47 U.S.C. § 553 (unauthorized interception/exhibition of cable communications) and 47 U.S.C. § 605 (unauthorized interception/exhibition of satellite communications), as well as conversion under Oklahoma law. Plaintiff's submissions indicate the Oklahoma Secretary of State was

---

[1]The complaint indicates the Seleno Bar is located at 1404 SW 29th Street, Oklahoma City, Oklahoma 73119.

[2]The complaint alleges that plaintiff has exclusive, nationwide distribution rights to the indicated program.

served with process. The Clerk has certified defendant's default.

Insofar as plaintiff asserts a conversion claim under Oklahoma law, the court concludes judgment is not warranted as no claim has been stated. The general rule in Oklahoma is that only tangible personal property may be converted. <u>Welty v. Martinaire of Oklahoma, Inc.</u>, 867 P.2d 1273, 1275 (Okla. 1994). Tangible property is not involved here.

Taking the remaining allegations of the complaint as true, the court concludes a basis for claim against defendant has been stated and that default judgment should be entered for plaintiff. As noted by plaintiff, a single recovery against defendant is appropriate. Plaintiff has elected to pursue statutory, rather than actual, damages, which is permitted by 47 U.S.C. § 605.

The court concludes the appropriate amount of statutory damages attributable to defendant's conduct is $1800, based on the pricing structure indicated by plaintiff's submissions and the number of patrons in the establishment. [Doc. Nos. 15-1 & 16-1]. Further, accepting the allegations of the complaint as true, the court concludes that defendant's actions were willful. Therefore, an additional award of $1800 is appropriate as a penalty for the statutory violations.

Section 605 authorizes a plaintiff's recovery of costs and reasonable attorneys' fees. Plaintiff seeks $395.00 in costs, based on the filing fee and process server expenses, which the court finds reasonable. Plaintiff also seeks $2,960.63 in attorneys' fees. The court

concludes $2500.00 is a reasonable fee in this case.[3]

Accordingly, plaintiff's motion for default judgment [Doc. #14] is **GRANTED** insofar as it seeks judgment for violation of §§ 553 and 605, but is **DENIED** as to the conversion claim. Plaintiff is awarded judgment against defendant in the amount of $3600.00 as statutory damages and penalty and an additional $2895.00 as costs and attorneys' fees.

**IT IS SO ORDERED**.

Dated this 4th day of March, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*The requested amount is based in part on estimates of time spent rather than on contemporaneous time records and involves some duplication. The amount also includes time spent preparing a response to the court order requesting documentation of attorneys fees—something which would ordinarily have been included in the original submissions with the motion.*